Chen v. Lynch

BIA
Balasquide, IJ
A200 894 325

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand sixteen.

PRESENT:
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

FEI CHEN,
*Petitioner,*

v.                                                          15-1239
                                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Zhen Liang Li, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Blair T.
                         O'Connor, Assistant Director;
                         Maarja T. Luhtaru, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fei Chen, a native and citizen of the People's Republic of China, seeks review of a March 19, 2015 decision of the BIA, affirming a September 11, 2013 decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fei Chen,* No. A200 894 325 (B.I.A. Mar. 19, 2015), *aff'g* No. A200 894 325 (Immig. Ct. N.Y. City Sept. 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Ordinarily, we review the BIA's decision – and not the IJ's on appeal. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See id.* The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

2

For asylum applications like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  This Court "defer[s] . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  As discussed below, substantial evidence supports the agency's adverse credibility determination.

The credibility determination was properly based on the inconsistencies between Chen's testimony and evidence concerning the demolition of his father's home--the basis of Chen's asylum claim.  *Id.*  Chen testified that the government demolished his father's home in 2010; he also testified that his father moved in with his uncle after the house was destroyed.  Chen's father's letter, however, was dated 2013 and listed the address of the purportedly demolished home as his return

3

address.  When asked to explain why his father would use an address that no longer existed, Chen responded that it was his father's decision.  The agency was not required to credit this explanation.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Nor did the agency err in relying in part on the additional minor inconsistency concerning where Chen's passport was taken. *See Xiu Xia Lin*, 534 F.3d at 163-64.  Chen testified that his passport was taken from him at "home" (after allegedly having fled from his father's home); when asked to clarify what he meant by "home," Chen said his uncle's home, which he considered as a home.  The agency reasonably concluded that while the inconsistency was minor, it further called into doubt whether Chen's father's home was taken by the government, and the agency did not err in rejecting Chen's explanation, *see Majidi*, 430 F.3d at 80.

Considering the totality of the circumstances, it cannot be said "that no reasonable fact-finder could make such a credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  After all, "[a] petitioner 'must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must

4

demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.'" *Majidi*, 430 F.3d at 80 (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 66,76 (2d Cir. 2004)). Because all forms of relief (asylum, withholding of removal, and CAT relief) were based on the same factual predicate, the adverse credibility determination is dispositive of all three. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk